T.C. Memo. 2003-143

UNITED STATES TAX COURT

JOHN J. AND MARY FRANCES MALONEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8175-02L.              Filed May 20, 2003.

John J. and Mary Frances Maloney, pro sese.

<u>Jack T. Anagnostis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  This case arises from a petition filed pursuant to section 6330(d)(1)(A).[1]  The issue for decision is whether respondent's determinations to proceed with the

---

[1]All section references are to the Internal Revenue Code as amended.

collection by levies of petitioners' unpaid tax for 1984 and Mr. Maloney's unpaid tax for 1995 should be sustained.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Perkiomenville, Pennsylvania, at the time of filing the petition.

On January 22, 1996, respondent issued a notice of deficiency to petitioners in which he determined a deficiency and additions to tax for their 1984 taxable year. Petitioners filed a petition with the Tax Court disputing respondent's determinations. In those proceedings, the parties stipulated the amount of credits for Federal income tax withholdings, including FICA taxes. The parties reached a basis of settlement in that case, stipulating the deficiency for 1984. The Tax Court entered its decision on September 15, 1998, incorporating respondent's computation for decision. The computation for decision incorporated the stipulated deficiency for 1984 and stated that there were additional withholding credits of $5,306 for 1984. On February 2, 1999, respondent assessed the deficiency and credited petitioners for the additional withholding credits for 1984.

Mr. Maloney filed an individual Federal income tax return for 1995 listing his filing status as married filing separate. He reported a net profit of $4,828 and $446 in self-employment

tax with respect to his consulting engineer business.  The self-employment tax reported on the return was erroneously computed, and respondent increased Mr. Maloney's self-employment tax liability to $682.  Respondent assessed the increased amount.

Petitioners did not pay the entire amount of their assessed tax liabilities for 1984 and 1995.  Respondent mailed to petitioners a notice of intent to levy, dated August 6, 2001, advising them of their right to request a hearing with respect to their unpaid tax for 1984.  He also mailed to Mr. Maloney a notice of intent to levy, dated August 6, 2001, advising him of his right to request a hearing with respect to his unpaid tax for 1995.  Petitioners timely filed a request for a hearing with respect to the notice of intent to levy for 1984.  Mr. Maloney timely filed a request for a hearing with respect to the notice of intent to levy for 1995.  A document attached to each of those requests states:

> Please be advised that there are no taxes owed for the tax year 1984.  There were overpayments of FICA TAXES for the years 1984, 1985, 1986, 1987, 1988, 1989.  The reason for the overpayments is John J. Maloney & Associates is a sole proprietor and as such cannot be an employee, the same holds true for * * * Mary F. Maloney.

> The overpayments are based on the following:  The amount of FICA Tax on John J. Maloney as a sole proprietor is less than as an Employer-Employee.  The amount of FICA tax on Mary F. Maloney is zero since all the income would be taxed through John J. Maloney.

> The following are the amounts of overpayment

|      |             |
|------|-------------|
| 1984 | $ 3,203.00  |
| 1985 | $ 5,169.00  |
| 1986 | $ 5,597.00  |
| 1987 | $ 2,270.00  |
| 1988 | $ 2,270.00  |
| 1989 | $ 2,270.00  |
| Total FICA Overpayments | $20,779.00 |

Please apply the overpayments to the outstanding 1995
taxes owed less any interest or penalties since the
monies were paid before the tax was due.  Please
forward a check in the amount of any overpayments to
John J. Maloney at the above address.

On April 4, 2002, respondent issued a notice of

determination to petitioners with respect to their unpaid tax for

1984, in which he determined:

The taxpayer wrote that there were overpayments of FICA
taxes for the years 1984, 1985, 1986, 1987, 1988 and
1989.  These overpayments total $20,779.  The reason
for the overpayments is that John J. Maloney &
Associates is a sole proprietor and as such cannot be
an employee.  The same holds true for Mary F. Maloney.
The amount of FICA tax on John J. Maloney as a sole
proprietor is less than as an employer-employee.  The
amount of FICA tax on May [sic] F. Maloney is zero
since al [sic] the income would be taxed through John J
Maloney.

At the hearing, the taxpayer stated that this issue was
settled by the Tax Court and he owed no tax for 1984.
He also stated that it appeared that the statute for
assessment was gone when the liability was assessed.
He also questioned whether the assessed interest was
correct.

Review of closed Appeals cases indicated that the Tax
Court Case settled by the Tax Court for the tax year
ending December 31, 1984 was for the same amount as the
assessment.  The statute for assessment date was
verified.  The assessment was timely.  The assessed
interest was correct.

The taxpayer stated that there was excess FICA tax
calculated and paid for years not under Appeals

jurisdiction. He wanted the overpayments transferred to this year. The taxpayers were sent Publication 3598, The Audit Reconsideration Process, to help them pursue these adjustments.

Respondent determined that no collection alternatives were offered and that the levy should proceed for 1984. Also, on April 4, 2002, respondent issued a notice of determination to Mr. Maloney with respect to his unpaid tax for 1995. Respondent determined that Mr. Maloney's FICA claims were for years other than 1995, that Mr. Maloney could pursue those claims through the audit reconsideration process, that no collection alternatives had been offered, and that the levy should proceed.

Petitioners did not file, within the applicable statutory period, a claim for refund or credit for FICA taxes that they claim to have overpaid between 1984 and 1989. Petitioners did submit to respondent several letters requesting respondent to recalculate their FICA withholdings for years other than 1984 and 1995 and to apply what petitioners alleged to be excess FICA withholdings to their outstanding balances for 1984 and 1995.[2]

---

[2]In a letter to respondent dated Jan. 4, 2000, Mr. Maloney stated his belief that he did not owe any tax, listed approximate amounts of FICA taxes that he claimed he had overpaid, and asked respondent to apply the claimed overpayments to any outstanding liabilities. This letter did not identify any particular tax year. In a letter dated Dec. 18, 2000, Mr. Maloney advised respondent of his position that he did not owe any tax for 1984. This letter is the same letter which is attached to the Forms 12153, Request for a Collection Due Process Hearing, for 1984 and 1995. In a letter dated Feb. 25, 2002, addressed to respondent, Mr. Maloney asked respondent to calculate excess FICA

(continued...)

## OPINION

This case involves determinations under section 6330 to proceed with proposed levies to collect petitioners' unpaid tax for 1984 and Mr. Maloney's unpaid tax for 1995. A taxpayer is entitled to notice before levy and notice of the right to a fair hearing before an impartial officer of the Internal Revenue Service (IRS) Office of Appeals. Secs. 6330(a) and (b) and 6331(d). If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2).

Petitioners' only argument is that they overpaid their FICA taxes in 1984 through 1990, and those overpayments should be applied to their outstanding tax liabilities for 1984 and 1995. Respondent argues that petitioners cannot seek redetermination of their 1984 tax liability, that they did not timely request credit for any overpaid FICA taxes for 1984 through 1990, and that he

---

[2](...continued)
withholdings for 1985 through 1990 and to apply the excess to his outstanding liability for 1984. Also, in a letter dated Feb. 25, 2002, addressed to respondent, Mr. Maloney asked respondent to calculate excess FICA withholdings for 1985 through 1990, and to apply the excess to his outstanding liability for 1995. On Mar. 16, 2002, petitioners requested audit reconsideration for 1984, and Mr. Maloney requested audit reconsideration for 1995, regarding their claimed excess FICA payments.

did not abuse his discretion in denying petitioners' request to apply FICA credits against their unpaid tax liabilities.

The parties stipulated a certified transcript of account for petitioners' 1984 taxable year. The certified transcript of account shows that on February 2, 1999, respondent assessed the stipulated deficiency and gave petitioners a withholding credit of $5,306. Petitioners claim that the overpayment of FICA tax in 1984 was actually $6,740.40. However, in the prior Tax Court proceeding, petitioners and respondent stipulated the amount of credits for increased Federal income tax withholdings, including FICA taxes. Petitioners did not present any evidence that their excess withholdings for 1984 exceeded those amounts.

Petitioners also claimed FICA overpayments for 1985 through 1989 in their requests for a section 6330 hearing and claimed a FICA overpayment for 1990 in their posttrial memorandum. None of those years were before the IRS Office of Appeals. Further, petitioners did not file, within the applicable statutory period, a claim for refund or credit for FICA taxes that they claim to have overpaid between 1984 and 1989.[3] Petitioners contend,

---

[3]Under sec. 6413(b), if certain other conditions are met, an overpayment of employment taxes, including an overpayment of FICA taxes, "shall be refunded in such manner and at such times (subject to the statute of limitations properly applicable thereto) as the Secretary may by regulations prescribe." Sec. 6511(a) provides in part:

> SEC. 6511(a). Period of Limitation on Filing
> (continued...)

however, that the FICA withholdings for 1984 through 1990 were "erroneous deposits" of FICA tax for 1984 through 1990 and that those deposits represent overpayments that can be used to correct a deficiency or be refunded at any time.  Petitioners suggest that the statute of limitations applicable to claims for a credit or a refund of tax applies only to payments of tax and not deposits.[4]  Even if we were to assume that petitioners are correct and deposits are not subject to a statute of limitations, they presented no evidence that they made deposits or that any FICA taxes were assessed after the applicable period of limitations had expired.

---

[3](...continued)
Claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.  * * *

[4]Petitioners cite Cohen v. United States, 995 F.2d 205 (Fed. Cir. 1993), Ewing v. United States, 914 F.2d 499 (4th Cir. 1990), and Harden v. United States, 74 F.3d 1237 (5th Cir. 1995) (unpublished), for their position that a voluntary remittance to the IRS before an assessment of tax is made is a deposit and not a payment of tax, and that no statute of limitations applies to deposits.  However, the critical fact in each of those cases was that the remitted amounts had not been assessed before the period of limitations for assessment expired, and the Courts of Appeals in Cohen and Harden treated the remittances as refundable deposits.  Cf. secs. 6401(a) and 6402(a).  In the instant case, there is no evidence or suggestion that the FICA withholdings were assessed untimely.  We cannot agree that those withholdings are deposits on the basis of the cases that petitioners cite.

Moreover, even if we were to consider petitioners' claims of overpayments for the years 1985 through 1990, we have no basis upon which to conclude that there were actual overpayments of FICA taxes for those years.[5]  The only evidence that petitioners presented in support of their claimed overpayments was numerous letters that petitioners sent to respondent asking him to recalculate their FICA taxes.  Those letters do not establish petitioners' claimed overpayments.

Petitioners do not raise any collection alternatives or other relevant issues relating to their unpaid taxes or the proposed levies.  In the petition, Mrs. Maloney requested relief from joint and several liability.  However, she no longer wishes to pursue her request for relief.[6]  We hold that the Appeals officer's determinations to proceed with collection by levies were not an abuse of discretion.

<u>Decision will be</u>

<u>entered for respondent</u>.

---

[5]We note that petitioners' 1986 taxable year was at issue in the prior Tax Court proceeding discussed above.  The parties stipulated a decrease in FICA tax withheld for Mr. Maloney, an increase in Federal income tax withheld for Mrs. Maloney's employee portion of the FICA tax withheld, and an increase to Federal income tax withheld for Mr. Maloney for 1986.  The Tax Court decision document incorporating respondent's computation states:  "That there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1986".

[6]A copy of a written withdrawal of Mrs. Maloney's request dated Dec. 11, 2002, was stipulated.